UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| In Re: JUNG JIN KIM,<br>Debtor, | | Case No. 13-11937-RGM<br>Chapter 7 |
| DATATRON INTERNATIONAL CORP.<br>Plaintiff,<br><br>v.<br><br>JUNG JIN KIM,<br>Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Judge Robert G. Mayer<br><br>Adversary Proceeding<br><br>No. _____ |

**COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE**

COMES NOW THE PLAINTIFF, Datatron International Corporation, by and through counsel, and files this its Complaint objecting to the Debtor's right to a discharge of her debt and recites the following in support of its objection:

JURISDICTION, PARTIES AND PRIOR PROCEEDINGS

1.  This Court has jurisdiction over this proceeding pursuant to 28 U.S.C.A. § 1334.

2.  Venue is proper as the Debtor resides within this Court's district.

3.  This matter is a core proceeding within the meaning of 28 U.S.C.A. § 157(b)(2).

4.  The Plaintiff, Datatron International Corporation, a creditor holding an unsecured debt, is a Maryland corporation in good standing.

5.  The Debtor, Jung Jin Kim [hereinafter "Defendant"], filed a voluntary petition for relief under the liquidation provisions under Chapter 7 the

Bankruptcy Code on April 26, 2013.

6. Kevin R. McCarthy was appointed as the Chapter 7 Trustee.

7. The meeting of creditors under 11 U.S.C. § 341 was held on June 5, 2013.

8. By Order dated August 28, 2013, the Court extended the deadline for filing complaint objecting to the discharge to October 20, 2013.

## FACTUAL BACKGROUND

9. Defendant Jung Jin Kim is a former employee of Plaintiff whose employment she left in November, 2011.

10. Defendant's Schedule F reveals that Plaintiff holds a judgment against her in the amount of $189,562.00 which arose out of civil litigation in Maryland related to Defendant's employment with Plaintiff.

11. Plaintiff filed another suit in Fairfax County Circuit Court claiming Defendant breached her employment contract with Plaintiff and also violated Va. Code §§ 18.2-499 and 500, by entering into a conspiracy to injure Plaintiff in its business, tortuous interference with contractual relations, misappropriation of trade secrets, and breach of fiduciary duty. Plaintiff asked for, among other things, compensatory damages of $750,000 and punitive damages of $350,000.

12. Shortly after the Fairfax Court Circuit Court ruled that the non-competition clauses of Plaintiff's employment contract were lawful and enforceable Defendant filed her bankruptcy petition.

13. Upon filing of the Defendant's bankruptcy petition Plaintiffs suit against

2

Defendant was stayed.

14. All of the causes of action/claims listed above involve conduct that is deliberate, wilful, malicious, and intentional.

15. Defendant's Schedule J lists her current monthly expenditures as $3,970.

16. Defendant's Statement of Intention lists an auto lease for a 2013 BMW 528i which Plaintiff describes as personal property and which she intends to assume. However, she does not list the amount of the monthly lease payment on the Statement of Intention.

17. Defendant's Statement of Intention lists an auto loan with Hyundai Motor Finance. Defendant did not reaffirm the debt but she states that she will continue to make regular payments without a formal reaffirmation agreement.

18. Defendant's older son is in college. She stated, in the Maryland court proceeding, that she does not receive financial aid for her children's tuition. In her Rule 2004 Examination testimony Defendant stated one son is in college but that she does not pay his tuition. Defendant did state that she sends him money periodically but was evasive when asked to clarify the dates and amounts.

19. In her Rule 2004 Examination testimony Defendant stated that she does not spend any money for her other son, who lives with her, for his clothing or medical needs.

20. Defendant's Schedule I lists her net monthly income as $923.50 which exceeds the monthly expenditures listed on Schedule J by $3,046.50.

21. Defendant's Statement of Financial affairs claims that she had a negative income from her employment in calendar year 2012 and that she has suffered a $3,474.79 loss of business income in calendar year 2013.

22. Defendant is assuming the BMW lease, will continue making payments on the Hyundai Motor Finance loan, contributes to her son's college expenses and pays monthly rent in an amount nearly two and a half times her claimed net monthly income.

23. Defendant stated in her Rule 2004 Examination testimony that she asks her former husband for money when she needs it and he gives it to her. Defendant was evasive regarding the exact dates and amounts of these contributions.

ARGUMENT

Defendant's declared monthly expenditures, plus the reasonable expenses associated with the assumed BMW lease, the "reaffirmed" Hyundai auto loan and the contributions to her sons' expenses greatly exceed her declared net monthly income. It is reasonable to assume that Defendant is relying on undeclared monthly income to meet her monthly expenditures.

Plaintiff gave the Defendant an opportunity to explain the discrepancy between her monthly income and expenses but declined to do so. Debtor has failed to explain satisfactorily any loss of assets or deficiency of assets to meet her liabilities.

In light of her undeclared income Defendant's Schedule I appears to be false. The undeclared income also suggests that there is a presumption of

4

abuse.

## CONCLUSION AND PRAYER FOR RELIEF

Plaintiff Datatron International Corporation requests the Court to deny the Debtor discharge pursuant to 11 U.S.C. §§ 727(a)(4) and 727(a)(5) and to grant any additional relief that the law allows and the Court finds proper.


/S/ Joseph M. Perez
Joseph M. Perez
Virginia Bar # 35321
Law Offices of Joseph M. Perez
933 N. Kenmore Street, Suite 400
Arlington, VA 22201
Tel: (703) 807-0350: Fax (703) 516-9022
joseph.lawoffices@josephmperez.com
Attorney for Plaintiff Datatron International Corporation

## CERTIFICATE OF SERVICE

On October 20, 2013, I served a true copy of the foregoing Complaint to Debtor's Discharge via CM/ECF and or First Class Mail to:

>Jung Jin Kim
>4107 Kentmere Square
>Fairfax, VA 22030
>Defendant
>
>Antonio G. Vann
>Jolle Gotwas
>Augustine Kim
>The Metropolitan Law Group
>8230 Boone Boulevard, Suite 370
>Vienna, VA 22182
>Attorneys for Defendant
>
>Kevin R. McCarthy, Esq.
>McCarthy & White, PLLC
>1751 Pinnacle Drive, Suuite 11115
>McLean, VA 22012
>Bankruptcy Trustee

>/S/ Joseph M. Perez
>Joseph M. Perez